Good morning, Your Honors. Frank Rawls, appearing for petitioner. The issue in this case is extremely narrow. If we are construing a particular California Penal Code statute, it is my indomitable position that this, the age of the victim, is not an element of the crime. The crime is not divisible, so the rule prevails, not the exception. The exception being, of course, the modified categorical. This Court has never extended the divisible analysis to the victim, but you always talk about conduct, right? The conduct of the state court. Counsel, you're getting into some abstractions in the midpoint of your case. Start off with the basic facts in this case. Would you do that? Oh, absolutely, Your Honor. Petitioner pled guilty to Penal Code 243-4, California Penal Code, which refers to adults. It refers to adults, persons. The argument of the government is that persons includes minors, but that's another issue. The complaint clearly referenced the age of the victim, the age of the victim being 16. From there, the immigration judge said, well, the crime is divisible. Therefore, the complaint comes in. As a rule, in the categorical. Why indivisible? The argument of the people is that since the crime only references persons, by definition, it's divisible because persons encompasses minors and adults. This Court has never, there's no authority for that. And I think that would simply transmute the entire Penal Code into a divisible statute. I don't think that's a serious argument. But in any event, that's the position of the government, is that simply since the crime is divisible, the otherwise inadmissible complaint comes in. And so simply, if the statute is found to be divisible, I lose. Did the complaint recite that the victim was under the age of 16? Specifically age 16. Stage 16. And he pleaded guilty on the record to, not NOLO, but guilty and it's a felony, right? It's an admission. It's an admission if indeed the docket sheet or whatever, the document of conviction shows that he pleaded guilty, right? Right. And then the I.J. says this is a sexual abuse of a minor under, I think it's 1101A43A, right? Correct. And so where did he go wrong? For the very simple fact that when you plead guilty, you plead guilty to the four corners of the statute. You do not plead guilty to the complaint. He pleaded guilty to the sheet, which is the complaint. Modified categorical approach. But you only engage in the modified categorical if the crime is divisible. And our position is the four corners of this statute, there's nothing divisible about it. In the general categorical analysis, the complaint is absolutely inadmissible as a conviction document. The modified categorical is an exception to the rule. I'm saying we have to go back to, you know, Aristotelian first principles. As a rule, the complaint is inadmissible. It absolutely is inadmissible unless the crime is considered divisible and then other things can come in, the plea elocution, the complaint, and so on. So, I mean, there is an unpublished case that I submitted here that found precisely that. It came in today. It's only persuasive authority, I know. As I understand it, is the docket sheet can't be used. Is there any reason why we wouldn't let the government have an opportunity to make further inquiry for admissible record of conviction if we said the docket sheet couldn't come in? The docket sheet is fine for me. The docket sheet simply recites the statute. The only thing in the record here that references the age of the victim is the complaint. The complaint is inadmissible unless the statute is found to be divisible. It is my position there's nothing remotely divisible about this statute. Consequently, the complaint doesn't come in. That's the rule. And the only argument that the people make that transmutes the statute into being divisible is the idea that person encompasses adults and children. No authority for that whatsoever. Your man didn't plead guilty. He pleaded NOLO. I mean, for my purposes, I don't think that's a distinction without a difference. There's a big distinction in California. Plead NOLO to a felony, it's tantamount to a guilty plea. If guilty, plead NOLO to a misdemeanor, it can't be used as an admission in any further proceedings. I'll make that argument as well. I don't want to tell you what to do, but having been a denizen of the Hall of Justice for some years, there is a big difference. I would say the difference was that it couldn't be used in a subsequent civil proceeding. But for my purposes, the point is simply that Well, but this is a civil proceeding, isn't it? It's not a criminal proceeding. Immigration is a civil proceeding. You're absolutely right, Your Honor. A habeas would be, too. I just mentioned that in case you want to think about it. But again, I don't think I necessarily need that distinction because, again, the people's argument that is trying to bring in the complaint rests on this idea that a statute that references persons is inherently divisible because persons encompass adults. And you're saying even if you plead guilty, it doesn't make any difference. Absolutely not. That's totally my point. I mean, there's simply, again, at some point this exception is swallowing up the rule. I mean, the people are simply bound by the district attorney's charging document. Under the California law, there's a whole series of statutes that reference minors. This one doesn't. So I think it's just, you know, I simply have all of my pellet eggs in the this-is-not-a-divisible statute basket. Thank you very much. May I just ask you one preliminary question? Yes, Your Honor. Are the docket sheet and the criminal complaint sufficient to meet your burden of showing that petitioners' actual conviction constitutes sexual abuse of a minor? Yes, Your Honor. In this case, the ---- If you said yes, I would say yes. And what about the Snellenberger case? Yes, Your Honor. In this case, the immigration judge relied upon the complaint and the alien's plea. And the case law in this circuit has found that applying a modified categorical approach, reviewing these documents and the judicially noticeable facts within them is acceptable in ascertaining whether an alien has been convicted of an aggravated felony. In Snellenberger, the case involved looking at a minute order and whether or not that evidence was sufficient to establish whether the alien had fit within the generic element of the aggravated felony under the INA. Well, I read the Snellenberger case as saying that a state court's minute order is not a judicial record that can be used. That's true of the nature of the state's conviction. That's right. In the Snellenberger case, the minute order was at issue. And the problem that the court found was that that wasn't sufficient to establish. How is this case distinguishable? Well, this case is distinguishable because there's a complaint in which the alien was. So you're relying on the complaint alone. And the alien. There was a complaint in Snellenberger. Yes, but the difference in Snellenberger was in this instance, the complaint specifically stated that the victim was a 16-year-old, and so the sexual battery was against a minor. Whereas in Snellenberger, if I recall correctly, part of the problem in that case was that there weren't enough facts to ascertain whether the conviction fell within the INA's definition. I believe in the Snellenberger case, I think Judge Nelson is absolutely correct. Snellenberger simply says that where there's a plea to a guilty, a plea to a commission of a felony, and the admission of the plea is contained solely in a minute order of the court, the court in Snellenberger said that does not come within, quote, documents of conviction, unquote, admissible under the Shepard variation to tailor. So if a clerk's entry of a guilty plea was signed by the clerk, sometimes signed by the judge, doesn't satisfy the requirement of the documents of conviction, a docket entry, which is entered by who knows who, wouldn't seem to carry the day either. This court, though, has also held in the Smith case, which is a case from 2004, that when the defendant pleaded nola contendere, that the factual allegations in the plea are taken as true. And in this case, the alien was pleading no contest to what was represented in the complaint. And the complaint expressed... But was there a colloquy in which the judge asked the defendant in open court whether he agreed that he had committed the acts related in the complaint? The petitioner did concede to his conviction of sexual battery. In his own words and in open court. It makes a difference if there's a colloquy. As I understand Snellenberger, it makes a difference whether there's a colloquy, because in Snellenberger, the idea that there was a minute order to just an entry of a statute was held by the court. Of course, mandate hasn't issued that held by the court that that's not sufficient as a document of conviction. But maybe you have a different reading of Snellenberger. Well, I'm reading where you are, Your Honor, in Snellenberger. To establish that a defendant committed a prior crime of violence, the government must provide the sentencing court with the terms of the plea agreement or the transcript of a colloquy between the judge and the defendant in which the factual basis of the plea was confirmed by the defendant or some comparable judicial record of this information. And in our case, what was presented was the complaint and the alien's plea. And the cases that we cited to it. The alien's plea was presented by means of a docket entry, not by means of a terms of a plea agreement or a colloquy. Correct? Yes. Well, it was the terms of the plea which related. His plea was on the docket sheet, yes. But it related to the complaint which set forth the. . . But you're in the same situation as Snellenberger, but perhaps worse. The terms of the plea agreement were not made a part of the documents of conviction. In other words, we all know what a plea agreement is. It's a letter from the DA to the defendant saying if you agree with this, sign it. There was no such agreement. There was no colloquy of what he had done. There was only a docket entry. And Snellenberger says a minute order isn't sufficient to prove the acts committed. How can a docket entry be? But, Your Honor, in this court's case in Smith, the court held that when a defendant pleads nola cantandere to facts stated in the conjunction, each factual allegation is taken as true. So in this case, the alien pled. . . Do you see a certain tension between Smith and Snellenberger? Well, I see that in Smith, the courts expressly stated that each factual allegation would be taken as true. And in this case, if the similar analysis was applied,  and all the factual allegations in the complaint would be taken as true. So I do see a tension, yes. In this case, the alien was convicted of sexual battery. And because the state conviction did not encompass, was broader than the sexual abuse of a minor provision under the INA, the modified categorical approach would apply, in which this court has held that charging documents like the complaint. . . If we also look at the Franklin case, which identifies a litany of documents that satisfy the modified categorical approach, then it is clear from the evidence presented that the petitioner was convicted of the aggravated felony of sexual abuse of a minor, rendering petitioner ineligible for cancellation of removal. Thank you very much. I'd like you to distinguish the Smith case, if you would. All of these cases are distinguishable because a priori, our argument is this, the modified categorical doesn't apply. If the statute is not divisible, the complaint is absolutely inadmissible. That's our position. So it's for that reason. What's your authority for that? HCFR 341, every divisible, every modified categorical case states we are departing from the rule. The rule is the elements of the statute and the judgment of conviction. We seem to be forgetting that the modified categorical, again, is an exception to the rule. The HCFR 341. That's just a second step, counsel. It's over and over again we have it. I don't accept the classification of the Shepard case as an exception to Taylor v. U.S. It says these are the question, the ultimate question is, was this man convicted of a crime, in this case an aggravated felony to wit, sexual abuse of a minor, 1101A.43.A. That's the issue. And you can prove that one of two ways. Either a guilty plea to a categorical offense, which shows that he did commit this crime because he committed acts which were within the generic definition of sexual abuse of a minor. Or if that is not available, you can show the documents of conviction which show that in his colloquy or in his terms of agreement or in other admissible documents of conviction, he did the crime. So I appreciate you're trying to raise the level of abstraction to a favorable level. But let's get back to what the cases actually hold. And this is a very good question that Judge Nelson posed to you. How do you distinguish Smith? Well, I didn't quote Smith. But certainly I think the point that you're making, Your Honor, was that, number one, all we have is a reference to a plea. We don't have a colloquy. We have no idea what was stipulated. So you're relying on Schellenberger. If I have to. Again, I have a broader point to make. But I think certainly that's it. All we have is the complaint, which clearly, standing alone, if I will assume arguendo, that this is modified categorical. I think it's Lara Chacon. There's one case where it says the complaint comes in, but by itself it's never enough. Then you have to use it, that's Smith, in conjunction with a plea colloquy that would cure that ambiguity. And we certainly don't have this here. All we have is a printout of a docket sheet. And if I could just, this is, again, only persuasive authority, but the Lara case that I quoted simply says the board, this is construing this very statute, the board erred in considering the victim's age. He stipulated it's only those facts necessary to support his conviction. Age of the victim is not an element of defense. And they found that this 243-4 is not an aggravated felony. This is something which you don't agree with, that we use the modified categorical approach. My last question is, why isn't the complaint enough? The complaint is very specific. And it says, committed this assault on unlawfully touched and intimate part of DeBris are age 16. Absolutely. And again, it's not enough because your cases say that this complaint can never be enough standing alone. And I think there's very sound policy reasons for that. The complaint is generated by the person. Well, you're talking to the case that says the complaint is not enough. My problem is I completely made the argument that this is not divisible, but I've quoted it many times in other cases. Why wouldn't the complaint be enough? The question is, did he admit the commission of a felony to wit, sexual abuse of a minor? And the complaint says, you committed a felony on a 16-year-old. How do you plead? He says, guilty. Isn't that enough to show that he committed the act? Certainly not under our cases. What cases? Don't say please. Not under our cases unless you're ready to say which case. I believe it's the Larich-O'Conn case that states the complaint standing alone is never sufficient. Of course, without the guilty plea standing alone, it's an accusation, and he's entitled to the presumption of innocence. And precisely for that reason, since we don't have the plea colloquy, all we have is the docket sheet. Now I'm getting to Snellenberger, and you're saying the docket sheet is not sufficient evidence under documents of conviction under Shepard, a very compelling argument in view of Snellenberger. But let me address very briefly why I believe the complaint standing alone should never be enough, because the complaint is generated by an interested party. It's generated by the people. So it makes very good policy sense that the complaint is a starting point, but it can't be enough. You need a judicial act, a plea colloquy in open court, subject to cross-examination. Complaints are not written by judges. They're written by interested parties. For that reason, they're never enough. And I would submit that. Thank you. The case of Iemba Media is submitted. Thank you, counsel, for a very interesting argument.  We'll take a ten-minute break at this time. All right.
judges: D.W. Nelson, Bea, Oberdorfer